STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERESSA F. STOWERS,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1093** (BOR Appeal No. 2045503)
                (Claim No. 2004047377)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**FAIRVIEW HEALTH ASSOCIATES, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Teressa F. Stowers, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commission, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 27, 2011, in which the Board affirmed a January 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 8, 2010 order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

In this case, Mrs. Stowers worked as an accounts receivable clerk for Fairview Health Associates, Inc. Mrs. Stowers filed a claim on May 13, 2004, for carpal tunnel syndrome. Since that time, Mrs. Stowers has had numerous surgeries and procedures including carpal tunnel release on both wrists. On April 20, 2009, Dr. Bal requested that complex regional pain syndrome be added as a compensable component. On July 8, 2010, based on an independent medical exam by Dr. Saghir Mir, the claims administrator denied adding complex regional pain syndrome as a compensable component.

The Office of Judges found that the preponderance of the evidence showed insignificant evidence to add complex regional pain syndrome or reflex sympathetic dystrophy as a compensable component. The Office of Judges noted that there were no medical records listing the conditions of which the claimant complained and that during the independent medical exam, Dr. Mir found no atrophy, no temperature change, no disturbed pattern of hair growth, and no loss of strength, all of which should be present to support a diagnosis of complex regional pain syndrome or reflex sympathetic dystrophy syndrome. Based on the evidence of record, the Office of Judges found that the record does not support adding the requested diagnosis to the claim.

The Board of Review reached the same reasoned conclusion in its decision of June 27, 2011. We agree that there is insufficient evidence to establish complex regional pain syndrome as a compensable component.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II